## JACOB BERMAN *vs.* ABRAHAM J. APTER.

First Judicial District, Hartford, May Term, 1920
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

Under General Statutes, § 5562, "the matter in demand" in a suit to redeem or to foreclose a mortgage or lien, is the amount of the debt or liability secured thereby, and not the value of the real estate; and, by analogy, the same is true in a suit involving the validity of an alleged lien which the plaintiff seeks to have removed as a cloud upon his title.

It is sufficient under the doctrine of express aider, that this amount, if not appearing in the complaint, is stated in the answer and cross-complaint of the defendant, since he is bound under the statute (§ 5113), to set out the nature and extent of his interest, if he claims any, in the property.

A contract between the defendant and one R, for the exchange of their respective properties, provided that if either party violated its terms he should pay the other liquidated damages of $500. R violated the agreement and the defendant sued him and recovered judgment for the stipulated damages and costs, of which $223 remained unpaid, and for this amount the defendant claimed a lien upon the property, which the plaintiff then owned. *Held* that the election of the defendant to claim damages of R, which was subsequently perfected by judgment, barred him from claiming any interest in or lien upon the land arising out of the contract.

Argued May 7th—decided June 10th, 1920.

SUIT to determine the title to real estate, brought to the Court of Common Pleas in Hartford County where a demurrer to the cross-complaint was sustained (*Smith, J.*), and the cause was afterward tried to the court, *Markham, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

Plaintiff asks for a judgment quieting his title to the described premises, and declaring that the defendant has no claim to or interest in the same. The complaint describes the defendant's claim as arising out

of a bond for a deed, given to the defendant by a former owner of the premises, but it does not indicate more particularly the nature or extent of the claim. The defendant filed an answer and cross-complaint setting out the facts in detail, from which it appears that the defendant's claim arises out of a contract between the defendant and one Rabinowitz, who then owned the premises, whereby Rabinowitz agreed to trade the premises in question for property owned by the defendant. It was stipulated in the contract that if either party violated the terms thereof he should pay $500 liquidated damages, and the cross-complaint alleges that Rabinowitz failed to carry out his contract and that the defendant sued him and recovered judgment for damages and costs, whereof a balance of $223.46 remains to be satisfied, and that for this amount, with interest from January 7th, 1916, the defendant claims a lien upon the premises. The cross-complaint prays for a foreclosure of this lien.

The trial court sustained a demurrer to the cross-complaint, on the ground that whatever rights the defendant may have had in the premises, on the contract set forth therein, had been merged in the judgment against Rabinowitz.

On the trial the defendant moved that the cause be dismissed, on the ground that the court was without jurisdiction because the action was to quiet title to land exceeding $1,000 in value.

*John J. Dwyer*, for the appellant (defendant).

*Moses A. Berman*, for the appellee (plaintiff).

BEACH, J. The motion to dismiss for want of jurisdiction was properly denied. On the face of the complaint it did not appear whether or not the matter in

demand exceeded $1,000. The value of the premises was not alleged, and the nature of the defendant's claim was stated, but not its extent. It was not necessary to do so, for the statute, § 5113, under which this action is brought, requires the defendant in his answer to state whether or not he claims any interest in the property, and if so, its nature and extent. This the defendant has done in his answer by reference to his cross-complaint, in which it is alleged that the defendant claims a lien on the premises for $223.46 with interest from January 7th, 1916. After the answer and cross-complaint were filed, the controversy was limited by the pleadings to an effort on the plaintiff's part to have the lien declared invalid, and on the defendant's part to have it foreclosed; and by analogy with § 5562, the matter in demand was the amount of the debt or liability secured by the alleged lien. The doctrine of express aider is peculiarly applicable to this form of action, in which the defendant is required by statute to disclose the nature and extent of any alleged claim upon or interest in the property whose title is in question.

The trial court disposed of the validity of the alleged lien by sustaining the demurrer to the cross-complaint, on the ground that it appeared from the allegations thereof that whatever rights the defendant had in the premises were merged in the judgment for damages which he had obtained against Rabinowitz for breach of his contract to convey the premises in question to the defendant. This ruling was correct. When the contract was broken by Rabinowitz, the defendant was bound to elect between the two inconsistent remedies open to him. The institution of the suit against Rabinowitz to recover the liquidated damages provided for by the contract, was an election to abandon the land to Rabinowitz, which, when subsequently perfected by

the judgment, barred the defendant from claiming any interest in or lien upon the land arising out of the contract.

There is no error.

In this opinion the other judges concurred.